IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 21 2024
ARTHUR JOHNSTON
BY ______ DEPUTY

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:24cr21-KS-MTP

AARON BROWN

18 U.S.C. § 1349

**The United States Attorney charges:**

At all times relevant to this Information:

INTRODUCTION

1. Defendant **AARON BROWN** was a resident of Lamar County, Mississippi.

2. Aaron's Auto Sales LLC was a company owned by Aaron Brown and physically located in Lamar County, Mississippi.

3. Co-Conspirator 1 was a resident of Southern District of Mississippi.

4. Co-Conspirator 2 was a resident of the Southern District of Mississippi.

5. Co-Conspirator 1 and Co-Conspirator 2 had ownership interests in Company 1 and Company 2, two other car dealerships.

6. The Citizen's Bank of Philadelphia ("Citizen's Bank") and Priority One Bank were financial institutions located in the United States, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Their normal activities took place in interstate and foreign commerce and had an effect on interstate and foreign commerce.

7. Aaron's Auto Sales LLC held a checking account with Citizen's Bank.

8. Company 1 and Company 2 held checking accounts with Priority One Bank.

COUNT 1

9. Paragraphs 1 through 8 are hereby re-alleged and incorporated by reference as though fully set forth herein.

10. Beginning as early as January 20, 2021, and continuing through on or about September 20, 2021, in Forrest and Lamar Counties, in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendant, **AARON BROWN**, did knowingly combine, conspire, and agree with Co-Conspirator 1, Co-Conspirator 2, and other persons known and unknown to knowingly execute, or attempt to execute, a scheme or artifice to defraud a financial institution in violation of Title 18, United States Code, Sections 1349 and 1344.

Object of the Conspiracy

11. It was an object of the conspiracy for **AARON BROWN** and his Co-Conspirators to unlawfully enrich themselves and others by conducting and participating in a check kiting scheme through systematically depositing nonsufficient fund checks into bank accounts belonging to Aaron's Auto Sales, Company 1, and Company 2.

Manner and Means of the Conspiracy

12. The manner and means used to accomplish the objectives of the conspiracy included, but were not limited to, the following:

13. **AARON BROWN**, and his Co-Conspirators would issue and deposit checks drawn on the accounts of Aaron's Auto Sales, Company 1, and Company 2, for the purported sale of vehicles knowing that there were insufficient funds in all three companies' accounts to cover the checks that were issued and deposited and knowing that the vehicle sales had not taken place.

14. Prior to the checks clearing, **AARON BROWN**, and his Co-Conspirators would withdraw funds from the accounts, and would continue to issue and deposit nonsufficient fund

checks in order to prevent the negative balances in the accounts from being discovered.

15. This is demonstrated by the fact that between May and December of 2020, Aaron's Auto Sales LLC received a total of 163 incoming checks and issued a total of 50 outgoing checks. This resulted in $5,328,719.61 in deposits and $5,266,536.26 in withdrawals. In comparison, at the height of the check kiting scheme, between June and August of 2021, Aaron's Auto Sales LLC received a total of 1,204 checks and issued 1,161 checks to Company 1 alone. The total deposits and withdrawals for that three-month period exceeded more than $60,000,000. See Figure 1 below.




(Figure 1)

16. **AARON BROWN** and his Co-Conspirators kept track of the checks being issued and deposited in each of the companies' accounts in order to insure that the value of checks and numbers of checks being deposited were sufficient to keep the scheme going, while also avoiding detection. In fact, **AARON BROWN** gave his Co-Conspirators access to his

checkbook in order for the Co-Conspirators to maintain the scheme and Co-Conspirator 2 actually began writing the checks for both Aaron's Auto Sales LLC and Company 1. See Figure 2 below.




(Figure 2)

17. Ultimately, the financial institutions discovered the scheme, but Citizen's Bank suffered a loss of more than $1,000,000 due to the conduct of **AARON BROWN** and his Co-Conspirators.

<u>Overt Acts</u>

18. Paragraphs 1 through 17 are hereby re-alleged and incorporated by reference as though fully set forth herein. To accomplish the object of the conspiracy, **AARON BROWN** and his Co-Conspirators, committed the following overt acts, among others, in the Southern District of Mississippi and elsewhere:

a. Issuing the checks set forth in Figure 2, and

b. Depositing the checks set forth in Figure 2.

All in violation of Title 18, United States Code, Section 1349.

NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant, **AARON BROWN,** shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds and/or property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(2); and Title 28, United States Code, Section 2461.

for John Meynardie

Todd W. Gee
United States Attorney